IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lee Anthony Campbell, ) | C/A No. 0:10-2338-HFF-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security action is before this court pursuant to 42 U.S.C § 405(g) for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner"). The plaintiff, Lee Anthony Campbell, ("Plaintiff") initiated this action and filed his Complaint on September 7, 2010. (ECF No. 1.)

The Federal Rules of Civil Procedure state that a plaintiff must serve a defendant within 120 days after the complaint is filed and, unless service is waived, must provide proof of service to the court. Fed. R. Civ. P. 4(l)(1) and 4(m). As more than 120 days has passed since the plaintiff initiated this action by filing his Complaint, and as the plaintiff has not filed proof of service with the court, the court issued an order on January 13, 2011 advising the plaintiff of the service requirements and giving him until January 20, 2011 to provide the court with proof of service of the Complaint upon the defendant in accordance with Federal Rule of Civil Procedure 4(l)(1), or to show good cause for failure to serve pursuant to Rule 4(m). The plaintiff was specifically warned that if he failed to comply, this action would be recommended for dismissal with prejudice for failure to serve. Fed. R. Civ. P. 4(m). Despite this second warning, the plaintiff still did not respond.

PJG

**RECOMMENDATION**

Accordingly, it is recommended that this action be dismissed with prejudice for failure to serve. Fed. R. Civ. P. 4(m); see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 25, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).